UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHEENA RADDER,<br><br>                    Plaintiff,<br><br>        v.<br><br>WHATCOM COUNTY FIRE DISTRICT NO.<br><br>        7,<br><br>                    Defendant. | CASE NO. 2:26-cv-01378-TL<br><br>AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.      General Principles**

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.      The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION

**BAKER STERCHI COWDEN**
**& RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

- 1

in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.      ESI Disclosures**

Within 30 days, each party shall disclose:

1.      Custodians. Custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.      Non-custodial Data Sources. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.      Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.      Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.      Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION

**BAKER STERCHI COWDEN
& RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

- 2

2.	All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3.	Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a.	Deleted, slack, fragmented, or other data only accessible by forensics.

b.	Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.	On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.	Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e.	Back-up data that are substantially duplicative of data that are more accessible elsewhere.

f.	Server, system or network logs.

g.	Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.	Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D.	Privilege**

1.	With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2.	Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

- 3

3.      Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

**E.      ESI Discovery Procedures**

1.      <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.      <u>Search methodology.</u> The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer - or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer - or technology-aided methodology.

In the absence of agreement on appropriate search terms, or an appropriate computer - or technology-aided methodology, the following procedures shall apply:

a.      A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

b.      If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 5 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION

**BAKER STERCHI COWDEN
& RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

- 4

c.     Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good cause, each search term or query returning more than 250 megabytes of data are presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

d.     The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

3.     Format. The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files),and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

4.     De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

5.     Metadata fields. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

- 5

**BLOOM LAW PLLC**

By: /s/ Beth Bloom_____
Beth Bloom, WSBA #31702
Jay Corker Free, WSBA #51393
Beth Kidd, WSBA #61668
Jeff Dingwall, WSBA #60523
3827-C South Edmunds Street
Seattle, WA 98118
Phone: (206) 323-0409
bbloom@bloomlawpllc.com
jfree@bloomlawpllc.com
bkidd@bloomlawpllc.com
jdingwall@bloomlawpllc.com
*Counsel for Plaintiff*

**BAKER STERCHI COWDEN & RICE, LLC**

By:/s/ Megan M. Coluccio_____
Megan M. Coluccio, WSBA #44178
Rebecca D. Boatright, WSBA #32767
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Phone: (206) 957-9669
megan.coluccio@bakersterchi.com
rebecca.boatright@bakersterchi.com
*Counsel for Defendant*

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION

**[~~PROPOSED~~] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

THIS MATTER came before the Court on the parties' Agreed Stipulated Motion Regarding Discovery of Electronically Stored Information (Dkt. 16). The Court, having reviewed the parties' Stipulated Agreement Regarding Discovery of Electronically Stored Information and the records and files herein, and good cause appearing, hereby ORDERS as follows:

The parties' Agreement Regarding Discovery of Electronically Stored Information is **APPROVED**, and the parties shall comply with its terms.

**IT IS SO ORDERED.**

DATED this 17th day of July 2026.

_____
The Honorable Tana Lin
UNITED STATES DISTRICT JUDGE

Presented by:

| **BLOOM LAW PLLC** | **BAKER STERCHI COWDEN & RICE, LLC** |
|---|---|
| By: /s/ Beth Bloom | By:/s/ Megan M. Coluccio |
| Beth Bloom, WSBA #31702 | Megan M. Coluccio, WSBA #44178 |
| Jay Corker Free, WSBA #51393 | Rebecca D. Boatright, WSBA #32767 |
| Beth Kidd, WSBA #61668 | 2100 Westlake Avenue N., Suite 206 |
| Jeff Dingwall, WSBA #60523 | Seattle, WA 98109 |
| 3827-C South Edmunds Street | Phone: (206) 957-9669 |
| Seattle, WA 98118 | megan.coluccio@bakersterchi.com |
| Phone: (206) 323-0409 | rebecca.boatright@bakersterchi.com |
| bbloom@bloomlawpllc.com | *Counsel for Defendant* |
| jfree@bloomlawpllc.com | |
| bkidd@bloomlawpllc.com | |
| jdingwall@bloomlawpllc.com | |
| *Counsel for Plaintiff* | |

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

- 7